UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CASEY LAMB,

        Plaintiff,

v.                                                   Case No. 17-C-383

ADVANCED CORRECTIONAL
HEALTHCARE INC, et al.,

        Defendants.

## ORDER

Plaintiff Casey Lamb filed a *pro se* civil rights complaint on March 15, 2017, alleging constitutional violations under 42 U.S.C. § 1983 that occurred while he was housed at the Racine County Jail. In a screening order dated April 3, 2017, I allowed Lamb to proceed on a Fourteenth Amendment deliberate indifference claim against defendants Latisha R., Jane Doe Nurse 1, and Jane Doe Nurse 2, a *Monell* claim against defendant Advanced Correctional Healthcare, and dismissed defendant Christopher Schmaling. I also gave Lamb leave to file an amended complaint to specifically name the medical contractors once he learned their identities. Before me now for screening is Lamb's amended complaint in which he names the medical contractors and seeks to add new defendants.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Lamb's amended complaint appears to address in more detail the allegations he raised in his original complaint. He was transferred to the Racine County Jail as a pretrial detainee on February 17, 2017. He claims to have been experiencing extreme pain as the result of two cracked teeth with exposed nerves, a third painful tooth, and a "severe" infection. Lamb alleges that he alerted the Jail's medical director, Latisha Ramus, of his immediate need to be seen by a dentist but that Ramus, Dr. Heckman, Nurse Julie Sieczkowski, and Nurse Sarah Hoffman all told him that he would need to deal with the pain because the Jail's and Advanced Correctional Healthcare's policy is to not have a dentist on site. He also claims he was told that he "might see a dentist by April or May." He further asserts that Rasmus, Heckman, Sieczkowski, and Hoffman all failed to properly diagnosis and treat his serious medical and dental needs. Lamb alleges that when he was finally seen by a

2

dentist in May, his damaged teeth were removed, not repaired, because the Jail's and Advanced Correctional's policy is to "pull only." He claims that he has suffered two more serious mouth/gum infections due to the extractions. Lamb concludes that his rights were violated from "a combination of the defendants' failure to provide and/or inadequate medical/dental intake proceedures [sic], and lack of on-site professional dental services."

It is well-established that deliberate indifference to the serious medical needs of a person held in custody violates his or her constitutional rights. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must show (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). Deliberate indifference requires more than negligence; it requires that the official know of, yet disregard, an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 835, 837. Subjective knowledge of the risk is required: "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838. Although the standards are the same, a pretrial detainee's claim for deliberate indifference arises under the Fourteenth Amendment rather than the Eight Amendment. *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 989 (7th Cir. 2012).

Lamb's amended complaint states the basics of a Fourteenth Amendment deliberate indifference claim against defendants Ramus, Heckman, Sieczkowski, and Hoffman. Based on the

3

facts stated above, this court cannot say that Lamb's medical conditions do not constitute a serious medical need or that jail officials did not demonstrate deliberate indifference to his conditions. Lamb may also proceed against Advanced Correctional Healthcare and Racine County on a *Monell* claim based upon his allegations that inadequate screening procedures, the lack of available dental services, and the "pull only" policy resulted in his claimed deprivations. However, Lamb may not proceed against the Racine County Jail or Sheriff Schmaling in his official capacity. The Racine County Jail is not a legal entity separable from the county of which it is a part. Claims against a county sheriff in his official capacity are treated as claims against the county itself. *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Accordingly, there is no need to proceed against all three defendants.

Lamb has also filed a third motion for the appointment of counsel. The motion will be denied. The court previously determined that Lamb is competent to litigate this matter. *See Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc). Indeed, he served interrogatories on the defendants and was able to learn the full names of previously unnamed defendants. As the court previously noted, there is nothing in the record to suggest that Lamb does not have the same competence to represent himself as the vast number of other *pro se* litigants who cannot afford to hire an attorney and are unable to convince one to take his case on a contingent fee basis. The fact that the defendants are represented by attorneys is not a sufficient reason to appoint counsel in this case. Lamb's motion is denied without prejudice and the court will reconsider his request as the case proceeds.

**THEREFORE, IT IS ORDERED** that plaintiff may proceed against Advanced Correctional Healthcare, Inc., Latisha Ramus, Dr. Dan Heckman, Julie, Sieczkowski, Sarah Hoffman, and Racine County.

4

**IT IS FURTHER ORDERED** that defendants Racine County Jail and Christopher Schmaling are dismissed

**IT IS FURTHER ORDERED** that plaintiff's third motion for the appointment of counsel (ECF No. 24) will be **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the remaining balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson St., Rm. 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated this   30th   day of June, 2017.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court